UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 11-21(1)-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SCOTT ANTHONY REISDORFER, | ) | **& ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Scott Anthony Reisdorfer asserts that the Court should not issue a restitution order because the Bureau of Prisons, as a third-party provider of medical services, is not a "victim" for purposes of the Mandatory Victims Restitution Act. But even if a third party is not itself the victim, the Act still mandates that a defendant pay for the medical services provided by a third party to the victim.

## BACKGROUND

Scott Anthony Reisdorfer is an inmate at the United States Penitentiary-Big Sandy in Inez, Kentucky. R. 38 at 2. Reisdorfer, his co-defendant, Alan Church, and their victim, Dewayne McAnally, were all members of the Aryan Brotherhood. On February 6, 2011, Church became irritated with McAnally who was intoxicated and, according to Church, being obnoxious. *Id.* In an effort to silence him, Church beat McAnally with his fists, knocking McAnally unconscious. *Id.* When McAnally awoke, Church beat him unconscious again. *Id.* When McAnally awoke a second time, Church directed Reisdorfer to

"kick [McAnally's] ass and put him to bed." *Id.* Church left Reisdorfer and McAnally alone in the cell, and Reisdorfer beat and stabbed McAnally into unconsciousness. *Id.*

Prison guards rushed McAnally to the Health Services Unit at Big Sandy. *Id.* As a result of the attacks, McAnally suffered severe head trauma, a collapsed lung, and at least two stab wounds in his back. *Id.* After initial treatment at Big Sandy, McAnally was transferred to St. Mary's Hospital in Huntington, West Virginia, and eventually to the Federal Medical Center in Butner, North Carolina. *Id.* McAnally has remained in a vegetative state since the attack, and doctors do not expect McAnally to ever regain consciousness. *Id.*

On December 13, 2011, Reisdorfer pleaded guilty to assaulting an inmate in a federal penitentiary in violation of 18 U.S.C. § 113(a)(6). *Id.* at 1. At the sentencing hearing, the United States moved to postpone the issue of restitution until it had determined the cost of medical care incurred by the Bureau of Prisons ("BOP") to treat McAnally. R. 41.

On January 6, 2012, the Court held a restitution hearing in which all parties agreed that the total amount of loss suffered by the BOP was $124,396.56. R. 62 at 1. Reisdorfer, however, objected to an order of restitution. *Id.* The Court ordered the parties to submit briefs in support of their positions, which the parties have now done.

## DISCUSSION

### I. Third-Party Providers Under the Mandatory Victims Restitution Act

Under the Mandatory Victims Restitution Act, a court "shall order" a defendant who commits a crime of violence to "make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). Reisdorfer does not dispute that he committed a crime of violence. R. 68 at

1.  But Reisdorfer says that he does not owe restitution because the BOP is not a "victim" as defined by the Act.  *Id.*  The Act defines a "victim" as "a person directly and proximately harmed" by the defendant.  § 3663A(a)(2).  Reisdorfer asserts that McAnally was the sole victim "directly" harmed by Reisdorfer and that the BOP only suffered an indirect injury as a third-party provider of medical services.

There is no question that the BOP would be a victim if it suffered a direct injury, such as being defrauded or having its property damaged or stolen.  *See United States v. Bruce*, 437 F. App'x 357, 367 (6th Cir. 2011) (holding that state agencies were properly considered "victims" under the Act where the defendant stole state property); *cf. Ratliff v. United States*, 999 F.2d 1023, 1027 (6th Cir. 1993) (holding that "the government can be a 'victim'" when the defendant was found guilty of filing false claims for benefits with the United States Department of Labor).  But courts have disagreed about whether third-party providers are victims under the Act.  *See United States v. Cliatt*, 338 F.3d 1089, 1090 (9th Cir. 2003) (declining to decide whether Tripler Army Medical Center, a hospital providing free health care to active-duty members of the United States Army, was a "victim" when it provided all of the medical care for the victim of a crime of violence); *United States v. Johnson*, 400 F.3d 187, 200 (4th Cir. 2005) (indicating that a mental health agency that provided counseling to the victim of a crime of violence was not a victim under the Act); *United States v. Dungee*, 228 F. App'x 298, 299 (4th Cir. 2007) (holding that the BOP was a victim under the Act because it incurred medical expenses on behalf of an assaulted inmate).

Fortunately, the Court does not need to decide this difficult issue. Even if a third-party provider is not a victim under the Act, § 3663A and § 3664 work together to mandate payment to a third-party provider.

How exactly does this work? Section 3663A provides how to calculate the restitution amount. In McAnally's case, the statute requires that when a victim suffers bodily injury, a court must order the defendant to "pay an amount equal to the cost of necessary medical" care. § 3663A(b)(2)(A). Whether or not the victim actually paid the costs of medical care is irrelevant. The subsection says nothing about costs the victim incurred or paid; rather, it simply provides a blanket directive that the victim's restitution equal the amount of his medical costs. *See Johnson*, 400 F.3d at 200 (comparing subsection § 3663A(b)(2)(C), which requires the defendant to "reimburse" the victim for lost income, with § 3663A(b)(2)(A) and determining that "[t]he careful choice of words indicates a legislative intent to require those convicted of crimes resulting in bodily injury to pay the entire 'amount equal to the cost of necessary medical . . . services,' even when the provider of the services has not taxed the victim herself with the full amount of those costs").

Once a restitution amount is calculated, § 3663A(d) states explicitly that an order of restitution "shall be issued and enforced in accordance with section 3664." For its part, § 3664 provides disclosure and evidentiary guidelines for restitution hearings as well as states what kinds of restitution payments (e.g., in-kind, lump sum, periodic) a court can order. Section 3664 also adopts several principles of damage awards from tort law. For example, § 3664(j)(2) adopts the one satisfaction rule: a victim's restitution should be "reduced by any amount later recovered as compensatory damages" in a civil suit. Section

3664(f)(1)(B) adopts the collateral source rule: the calculation of the victim's amount of restitution should be not affected by any insurance or other third-party compensation to the victim.

Specifically applicable in this case, § 3664(j)(1) adopts subrogration. This subsection states that when a victim "has received compensation from insurance *or any other source*," a court must "order that restitution be paid to the person who provided or is obligated to provide the compensation." 18 U.S.C. § 3664(j)(1) (emphasis added). The BOP falls within this subsection because the medical services provided to McAnally constitute "compensation from . . . any other source." Each court addressing third-party providers has reached a similar result. That is, regardless of whether the third party is a victim, courts have awarded restitution payments in part because of § 3664(j)(1). *See, e.g.*, *Johnson*, 400 F.3d at 200 n.4; *Cliatt*, 338 F.3d at 1092-93; *Dungee*, 228 F. App'x at 300 ("The medical expenses incurred by the BOP for [the victim's] care clearly fall within the scope of expenses incurred by third parties otherwise held responsible for the costs of recovery." (citing *Johnson*, 400 F.3d at 200 and 18 U.S.C. § 3664(j)(1))).

In sum, the Act mandates that Reisdorfer pay the BOP for providing McAnally with medical care regardless of whether the BOP is considered a victim under the Act. Subsections 3663A(a)(1)-(2) identify McAnally as the victim of Reisdorfer's crime. Subsection 3663A(b)(2)(A) directs the court to order restitution for McAnally in the amount of his medical costs. Subsection § 3663A(d) refers to § 3664, which mandates that the Court order Reisdorfer to pay the BOP as the provider of McAnally's medical care.

## II.     Attributable Loss

In the alternative, Reisdorfer asserts that even if the BOP is a victim, the Court cannot order restitution because the United States has not identified the amount of medical expenses attributable to Reisdorfer.  R. 68 at 3.  But the Court does not need to determine the amount of loss attributable to Reisdorfer because co-defendants can be held jointly and severally liable for the full restitution amount.  Section 3664(h) states that if "more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution."  It is enough that Reisdorfer and Church have admitted to injuring McAnally through a crime of violence.   The Court may therefore hold both Defendants fully liable for the restitution amount.  *See United States v. Rozin*, 664 F.3d 1052, 1066 (6th Cir. 2012) (holding that a defendant guilty of conspiracy could be held jointly and severally liable under § 3664(h) for the full restitution amount, including taxes owed by a deceased co-defendant); *United States v. Bogart*, 576 F.3d 565, 576 (6th Cir. 2009) ("[W]hile the district court has the option under § 3664(h) to apportion the restitution payment among defendants, a district court is not required to do so."); *United States v. Browning*, 40 F. App'x 873, 879 (6th Cir. 2002) (holding that a defendant could be held jointly and severally liable for the full restitution amount even when his co-defendant received "a much greater financial benefit from the illegal activity").

## CONCLUSION

A restitution order is mandatory in this case.  The Court must schedule a restitution hearing in a phone conference with the parties.   Accordingly, it is **ORDERED** that a telephonic conference to schedule a restitution hearing is **SCHEDULED** for **Friday, May 4,**

**2012** at **1:45 p.m.** A court reporter is needed and will be provided by the Court. The parties must **DIAL-IN** to this conference call **five minutes before the scheduled time** by following these steps:

(1)    Call AT&T Teleconferencing at 1-877-873-8017;

(2)    Enter access code 8284218 (followed by "#"); and

(3)    When requested, enter the security code, 1234 (followed by "#").

This the 27th day of April, 2012.

**Signed By:**

*Amul R. Thapar*   AT

**United States District Judge**